UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 04-11641-REK
(BBO# 380335)

|  |  |
|---|---|
| THE WHIPPLE COMPANY, | ) |
| Plaintiff, | ) |
| v. | ) |
| ALLIED OLD ENGLISH, INC., | ) |
| Defendant. | ) |

## DEFENDANT ALLIED OLD ENGLISH, INC.'S ANSWER AND COUNTERCLAIM

## AND DEMAND FOR JURY

Defendant Allied Old English, Inc. ("Allied") hereby responds to the numbered paragraphs of the Complaint of The Whipple Company ("Whipple") as follows:

### PARTIES

1. Allied admits the allegations set forth in Paragraph 1.

2. Allied admits the allegations set forth in Paragraph 2.

### JURISDICTION AND VENUE

3. Allied admits the allegations set forth in Paragraph 3.

4. Allied admits the allegations set forth in Paragraph 4.

## **FACTS**

5.  Allied is without knowledge or information sufficient to form a belief as to when Whipple was founded, but admits the remaining allegations set forth in Paragraph 5.

6.  Allied admits the allegations set forth in Paragraph 6.

7.  Allied admits the allegations of the first sentence of Paragraph 7. The remainder of Paragraph 7 is a characterization of the Agreement, which speaks for itself, and is therefore denied.

8.  Paragraph 8 is a characterization of the Agreement, which speaks for itself, and is therefore denied.

9.  Paragraph 9 is a characterization of the Agreement, which speaks for itself, and is therefore denied.

10. Allied admits that on occasions between late December 2003 and the first half of January 2004 it had opportunity to review information made available to it by Whipple. The remaining allegations of Paragraph 10 are denied.

11. Allied admits that after January 20, 2004 it transferred some of the assets that it had purchased from Whipple to its facilities in New Jersey. The remaining allegations of the first sentence of Paragraph 11 are denied. The allegations of the second sentence of Paragraph 11 are denied. Allied admits that Whipple has billed it for services allegedly performed by Whipple's employees but denies that it is obligated to pay such bills.

12. The allegations of the first two sentences of Paragraph 12 are denied. Allied admits that Whipple has billed it for certain items but denies that it is obligated to pay such bills.

13. Allied admits the first sentence of Paragraph 13. Allied further admits that prior to May 30, 2004 it sold a total of about $545,723.14 of Whipple products to which the royalty

provisions of the Agreement apply, but denies that it has any obligation to pay Whipple $13,643.08.

14. Allied denies the allegations set forth in Paragraph 14.

15. Allied denies the allegations of the first and second sentences of Paragraph 15. Allied admits the allegations of the third sentence of Paragraph 15. Allied denies the remaining allegations set forth in Paragraph 15.

16. Allied admits that Paragraph 16 contains an accurate version of part of the Agreement, and denies the remaining allegations of Paragraph 16.

17. Allied is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 17 and therefore they are denied. The allegations of the second and third sentences of Paragraph 17 are denied. Allied admits that it agreed to reduce the value of the inventory to $300,000 pursuant to Paragraph II, §2.1A(i) of the Agreement but denies the remaining allegations of the fourth sentence. Allied further states that Whipple has failed to deliver all of the inventory for which Allied agreed to pay $300,000.

## COUNT I

### Breach of the Asset Purchase Agreement

18. Allied repeats and realleges its answers to Paragraphs 1 through 17 of the Complaint as if more fully set forth herein.

19. Allied admits the allegations set forth in Paragraph 19.

20. Allied denies the allegations set forth in Paragraph 20.

21. Allied admits the allegations set forth in Paragraph 21.

22. Allied denies the allegations set forth in Paragraph 22.

23. Allied denies the allegations set forth in Paragraph 23.

## COUNT II

### Specific Performance of the Agreement

24. Allied repeats and realleges its answers to Paragraphs 1 through 23 of the Complaint as if more fully set forth herein.

25. Allied denies the allegations set forth in Paragraph 25.

26. Allied admits the allegations set forth in Paragraph 26.

27. Allied denies the allegations set forth in Paragraph 27.

## COUNT III

### Breach of Oral Agreement for Employee Services

28. Allied repeats and realleges its answers to Paragraphs 1 through 27 of the Complaint as if more fully set forth herein.

29. Allied denies the allegations set forth in Paragraph 29.

30. Allied admits the first sentence of Paragraph 30 but denies the remaining allegations of Paragraph 30.

## COUNT IV

### Quantum Meruit for Employee Services

31. Allied repeats and realleges its answers to Paragraphs 1 through 30 of the Complaint as if more fully set forth herein.

32. Allied denies the allegations set forth in Paragraph 32.

33. Allied admits the allegations set forth in the first sentence of Paragraph 33 but denies the remaining allegations of Paragraph 33.

## COUNT V

**Declaratory Judgment that Whipple Has Performed Its Contractual Obligations**

34. Allied repeats and realleges its answers to Paragraphs 1 through 33 of the Complaint as if more fully set forth herein.

35. Allied admits that Whipple has made such claims and demands but denies that Whipple has any rights with respect to them and denies all the allegations of Paragraph 35.

36. Allied denies the allegations set forth in Paragraph 36.

37. Allied denies that it first raised the issue of missing inventory by letter dated April 21, 2004. The remaining allegations of Paragraph 37 are admitted.

38. Allied admits that it received a letter from Whipple dated April 29, 2004 which speaks for itself. The remaining allegations in Paragraph 38 are denied.

39. Allied denies the allegations set forth in Paragraph 39.

40. Allied denies the allegations set forth in Paragraph 40.

## COUNT VI

**Failure to Pay for Goods Delivered**

41. Allied repeats and realleges its answers to Paragraphs 1 through 40 of the Complaint as if more fully set forth herein.

42. Allied denies the allegations set forth in Paragraph 42.

43. Allied admits that Whipple invoiced it for certain products allegedly delivered by Whipple but denies that it is required to make payment for such products.

44. Allied denies the allegations set forth in Paragraph 44.

WHEREFORE, Defendant Allied Old English, Inc. respectfully requests that this Court:

1. Dismiss Plaintiff's Complaint in its entirety, with prejudice;

2. Enter Judgment in favor of Allied on each of Plaintiff's claims;

3. Award Allied all reasonable costs, expenses and attorneys' fees incurred in defense of this action; and

4. Award such other and further relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Whipple's claims for equitable relief are barred by its own unclean hands and inequitable conduct.

### THIRD AFFIRMATIVE DEFENSE

Whipple's contractual claims fail because of a lack of consideration.

### FOURTH AFFIRMATIVE DEFENSE

The damages caused by Whipple's conduct, as alleged in Allied's Counterclaim, should be recouped from or set-off against any royalties or other amounts owed to Whipple by Allied.

## COUNTERCLAIMS

### PARTIES

1. Allied is a corporation organized and existing under the laws of the State of New Jersey, with a principal place business in Port Reading, New Jersey.

{J:\CLIENTS\lit\303619\0002\00455661.DOC;3}

2. Whipple is a business trust organized and existing under the laws of the Commonwealth of Massachusetts, with a principal place of business in Natick, Massachusetts.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties and the amount in controversy exceeds $75,000.

4. Venue lies in this District pursuant to 28 U.S.C. §§ 1391(a) and (c), because Whipple resides in this District and because a substantial part of the events giving rise to Allied's claims took place in this District.

## FACTS

5. Allied is a food manufacturing company specializing in jams, jellies, sauces, fruit spreads, pie fillings and numerous other products.

6. Whipple was a manufacturer of pie fillings, jams, jellies and other products which it sold under several brand names and under private labels.

7. In December of 2003, Allied and Whipple entered into negotiations for Allied to purchase a number of product lines from Whipple, which at that time was in the process of terminating its business and liquidating its business assets.

8. In connection with these negotiations, Whipple provided Allied with detailed information concerning what it represented to be the costs of the raw materials used in Whipple's food products business

9. On or about December 26, 2003, in reliance upon this and other information provided to Allied by Whipple, Allied entered into an Asset Purchase Agreement (the "Agreement") with Whipple whereby Allied agreed to purchase Whipple's food products business, including, inter alia, its trademarks, brands, certain equipment, inventory, good will, customer list, and customer and supplier records. The Agreement was subsequently amended in

part by an Amendment to Asset Purchase Agreement dated January 20, 2004 (the "Amendment"). The Closing took place on January 20, 2004.

     10.     Section 1.1F of the Agreement required Whipple to deliver to Allied complete and accurate recipes, formulas and processing information for the products which Whipple sold. Specifically, Section 1.1F obligated Whipple to transfer "the formulas, recipes, trade secrets, and processing information for all of [Whipple's] products . . . ." Whipple warranted in Section 11.6C of the Agreement that Allied would be able to continue the business of Whipple "unimpaired" by defective or incomplete recipes or processes. Section 11.6C provides that "no other inventions, processes, computer programs, know how, formulae, [or] trade secrets, . . . are necessary for the unimpaired continued operation of [Whipple's] business relating to the Assets [purchased] by Buyer in the manner that the business has heretofore been conducted."

     11.     Whipple further warranted in Section 11.11 of the Agreement that there were no undisclosed factors known to Whipple that could in the future have a material adverse affect on the assets purchased by Allied.

     12.     By express language of Sections 1.1F, 11.6C and 11.11 of the Agreement, Whipple was required to provide Allied with complete and accurate recipes and formulas and procedures for the manufacture of the Whipple products and to thereby enable Allied to successfully continue the business of Whipple.

     13.     Notwithstanding this requirement, Allied has experienced numerous problems in attempting to manufacture certain products using many of the Whipple recipes and formulas and was not able to manufacture those Whipple products to meet the specifications and quality standard required by customers for such products. Subsequently at substantial cost and effort, Allied independently corrected the recipes and formulas for such Whipple products.

14. On information and belief, many of the recipes and formulas and procedures provided by Whipple to Allied do not accurately reflect the recipes and the formulas and the procedures actually followed by Whipple prior to the sale to Allied.

15. Allied has also determined that certain raw material costs provided by Whipple to Allied were inaccurate and did not reflect Whipple's actual costs of production in 2003. For example, Allied has determined that Whipple represented that its costs of cherries used in jam and pie fillings was 62¢ per pound in 2003 when those costs were actually in excess of 80¢ per pound in 2003.

16. The problems experienced by Allied because of the inaccuracies in the information provided by Whipple and in the recipes, formulas, and procedures provided to Allied by Whipple have resulted in numerous customer complaints, product returns, lost business, expenses, increased and unexpected material and manufacturing costs and other damages resulting in loss of customers and loss of customer good will.

## FAILURE TO DELIVER INVENTORY

17. On or about, January 20, 2004, Allied purchased certain raw material and inventory from Whipple.

18. Approximately $30,000 worth of such inventory and raw materials were not transferred to Allied as required by the Agreement.

## COUNT I

## BREACH OF THE AGREEMENT

19. Allied repeats and realleges paragraphs 1-18 of this Counterclaim as if the same were more fully set forth herein.

20. Whipple violated the Agreement and its duty of good faith and fair dealing by failing to provide information sufficient for the unimpaired continued production of the products purchased by Allied from Whipple and by failing to deliver inventory purchased by Allied.

21. Allied has made demand upon Whipple to remedy its breaches but Whipple has failed to do so.

22. Allied has been damaged by Whipple's conduct in an amount to be determined at trial.

## COUNT II

## MISREPRESENTATION

23. Allied repeats and realleges the allegations of paragraphs 1-22 of this Counterclaim as if the same were more fully set forth herein.

24. Whipple made deliberate or negligent misrepresentations to Allied concerning the costs of the raw materials needed to produce the product sold to Allied.

25. Allied relied upon such misrepresentations.

26. As a result, Allied has incurred damages in an amount to be determined at trial, including loss of expected profit on the sales of products purchased from Whipple and loss of customer goodwill.

## COUNT III

## VIOLATION OF M.G.L. C. 93A

27. Allied repeats and realleges the allegations of paragraphs 1-26 of this Counterclaim as if the same were more fully set forth herein.

28. Allied and Whipple are engaged in trade and/or commerce as those terms are defined in Massachusetts General Laws Chapter 93A.

29. Whipple's conduct constitutes unfair and deceptive acts or practices in violation of Sections 2 and 11 of Massachusetts General Laws Chapter 93A.

30. Whipple's conduct occurred primarily and substantially within the Commonwealth of Massachusetts.

31. As a direct and proximate result of Whipple's wrongful conduct as alleged herein, Allied has been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff in Counterclaim Allied Old English, Inc. requests that the Court:

1. Enter judgment against Whipple on Allied's Counterclaims and award damages to Allied in an amount to be determined at trial;

2. Award Allied double or treble damages for Whipple's wanton and willful conduct, in violation of Massachusetts Generals Laws Chapter 93A.

3. Award Allied prejudgment interest, reasonable attorneys' fees, and costs of suit;

4. Award Allied such other and further relief as the Court may deem just and appropriate.

**ALLIED DEMANDS TRIAL BY JURY ON
ALL CLAIMS OF WHIPPLE AND ALL COUNTERCLAIMS TRIABLE BY JURY.**

ALLIED OLD ENGLISH, INC.
By Their Attorneys,

*/s/ V.F. O'Rourke Jr.*

_____
Michael P. Angelini (BBO# 019340)
Vincent F. O'Rourke, Jr. (BBO# 380335)
Bowditch & Dewey, LLP
311 Main Street
P.O. Box 15156
Worcester, MA 01615-0156
(508) 791-3511

Dated: September 13, 2004

{J:\CLIENTS\lit\303619\0002\00455661.DOC;3}