UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED IN CLERK'S OFFICE
2004 OCT -1 P 4: 24
U.S. DISTRICT COURT
DISTRICT OF MASS.

| | |
|---|---|
| THE WHIPPLE COMPANY, | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) Civil Action No. 04-11641-REK |
| ALLIED OLD ENGLISH, INC., | )<br>) |
| Defendant. | )<br>) |

## THE WHIPPLE COMPANY'S ANSWER TO COUNTERCLAIM

Plaintiff, The Whipple Company ("Whipple"), answers the counterclaims of defendant Allied Old English, Inc. ("Allied") contained in *Defendant Allied Old English, Inc.'s Answer and Counterclaim and Demand for Jury* ("Counterclaim") as follows.

### PARTIES

1. Admitted.

2. Admitted.

### JURISDICTION AND VENUE

3. The first sentence of this paragraph states a conclusion of law that does not require a response. Whipple denies the allegations contained in the second sentence of this paragraph.

4. Admitted.

1

## FACTS

5.  Whipple lacks knowledge or information sufficient to form a belief as to the truth of the allegation concerning Allied's speciality.

6.  Admitted

7.  Admitted, except that Allied expressed its interest in acquiring Whipple's business in November 2003.

8.  Whipple admits that it provided Allied with detailed information about its business. Whipple denies the remaining allegations contained in this paragraph.

9.  Whipple admits that it entered into an Asset Purchase Agreement (the "Agreement") with Allied dated December 26, 2003, as well as an amendment to the Agreement dated January 20, 2004, and that the closing of the transaction took place on January 20, 2004. Further answering, Whipple states that the Agreement speaks for itself. Whipple denies the remaining allegations contained in this paragraph.

10. Whipple states that the Agreement speaks for itself. Whipple denies the allegations in this paragraph to the extent that they are inconsistent with the Agreement.

11. Whipple states that the Agreement speaks for itself. Whipple denies the allegations in this paragraph to the extent that they are inconsistent with the Agreement.

12. Whipple states that the Agreement speaks for itself. Whipple denies the allegations in this paragraph to the extent that they are inconsistent with the Agreement.

13. Denied.

14. Denied.

15. Denied.

16. Whipple lacks knowledge or information sufficient to form a belief as to the truth of the allegation that Allied has received "customer complaints, product returns, lost business, expenses, increased and unexpected material and manufacturing costs and other damages" as stated in this paragraph, but to the extent that Allied has suffered any of these problems, Whipple denies that its conduct was the cause of any of these problems.

## FAILURE TO DELIVER INVENTORY

17. Admitted.

18. Denied.

## COUNT I

## BREACH OF THE AGREEMENT

19. Whipple incorporates by reference its answers to the allegations contained in paragraphs 1 through 18 of the counterclaim.

20. Denied.

21. Denied.

22. Denied.

## COUNT II

## MISREPRESENTATION

23. Whipple incorporates by reference its answers to the allegations contained in paragraphs 1 through 22 of the counterclaim.

24. Denied.

25. Denied.

26. Denied.

## COUNT III

## VIOLATION OF M.G.L. C.93A

27. Whipple incorporates by reference its answers to the allegations contained in paragraphs 1 through 26 of the counterclaim

28. This paragraph states a conclusion of law to which no responsive pleading is required.

29. Denied.

30. Whipple denies the allegations in this paragraph to the extent that they imply that Whipple engaged in any misconduct or wrongdoing. To the extent that the allegations of this paragraph constitute a conclusion of law, no responsive pleading is required.

31. Denied.

## FIRST AFFIRMATIVE DEFENSE

For its first affirmative defense, Whipple states that the counterclaim, in whole or in part, fails to state a claim for which relief may be granted. At all times, Whipple has acted in good faith and has fulfilled its obligations under the parties' agreements.

## SECOND AFFIRMATIVE DEFENSE

For its second affirmative defense, Whipple states that to the extent that Allied suffered any damages as alleged in the Complaint, such damage was caused by acts or omissions of Allied itself.

## THIRD AFFIRMATIVE DEFENSE

For its third affirmative defense, Whipple states that it disclosed its costs and expenses in the form of its books and records to Allied for due diligence, so any reliance on purported representations by Whipple was unreasonable.

## FOURTH AFFIRMATIVE DEFENSE

For its fourth affirmative defense, Whipple states that Allied failed to mitigate the damages it alleges to have suffered and to that extent cannot recover from Whipple.

## FIFTH AFFIRMATIVE DEFENSE

For its fifth affirmative defense, Whipple states that Allied has waived its claim that Whipple failed to deliver inventory purchased by Allied. The parties had agreed to a reduction in Allied's payment under the Agreement in return for Allied's waiver of any further price adjustment for inventory delivered.

## SIXTH AFFIRMATIVE DEFENSE

For its sixth affirmative defense, Whipple states that Allied is estopped from pursuing its claim that Whipple failed to deliver inventory purchased by Allied.

## SEVENTH AFFIRMATIVE DEFENSE

For its seventh affirmative defense, Whipple states that ordinary business disputes that form the basis for Allied's counterclaims cannot sustain a claim under G.L. c. 93A.

## EIGHTH AFFIRMATIVE DEFENSE

For its eighth affirmative defense, Whipple states that it has the right of set-off against any alleged damages suffered by Allied.

## NINTH AFFIRMATIVE DEFENSE

For its ninth defense, Whipple states that Allied's claims are barred in whole or in part by the equitable doctrines of waiver and unclean hands.

## TENTH AFFIRMATIVE DEFENSE

For its tenth defense, Whipple states that Allied's claims are barred in whole or in part by the doctrine of estoppel.

WHEREFORE, plaintiff Whipple requests that the Court:

A. Dismiss Allied's counterclaims in their entirety, with prejudice;

B. Enter judgment against Allied on each of its claims;

C. Award Whipple its attorneys' fees incurred in this action, together with its costs, fees, and expenses, as provided in the Agreement; and

D. Award such other and further relief as the Court may deem just and appropriate.

Respectfully submitted,

THE WHIPPLE COMPANY

By its attorneys,

*/s/ E.W.S. Cheng*

Marjorie Sommer Cooke (BBO# 097800)
Edward S. Cheng (BBO #634063)
COOKE, CLANCY & GRUENTHAL, LLP
150 Federal Street
Boston, MA 02110
(617) 428-6800

Dated: October 1, 2004

f:\whipple\pleadings\answer to counterclaim.doc

**CERTIFICATE OF SERVICE**
I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON October 1, 2004

*/s/ E.S. Cheng*